# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **WILLIE PACE**, <br><br> Plaintiff, <br><br> v. <br><br> **HURST BOILER & WELDING CO.**, <br><br> Defendant. | Civil Action No. 7:10-CV-116 |

## ORDER

This action is before the Court on Defendant's Motion to Dismiss (Doc. 5). Rule 12(d) of the Federal Rules of Civil Procedure provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Upon review of Defendant's Motion to Dismiss, the Court has discovered that Defendant is relying on matters outside the pleadings, specifically an affidavit from Darlene Hobbs, to support its Motion.[1] Thus, the Court finds it is appropriate to convert Defendant's Motion to a motion for summary judgment under Federal Rule of Civil Procedure 56. The parties shall file any additional documents that they deem pertinent to the issues raised in Defendants' Motion by December 30, 2010.

---

[1] While Defendant is also relying on documents from Plaintiff's bankruptcy case, the Court can take judicial notice of those documents.

Plaintiff is advised that the granting of this motion would represent a final adjudication of this action which may foreclose subsequent litigation on this matter. See Somerville v. Hall, 2 F.3d 1563, 1564 (11th Cir. 1993); Griffith v. Wainwright, 772 F.2d 822 (11th Cir. 1985). It is important to note that, except in certain circumstances, a person against whom a motion for summary judgment is filed may not rely on the allegations of his pleadings. In other words, a plaintiff against whom a motion for summary judgment is filed must oppose that motion by affidavits, depositions, answers to interrogatories, admissions, or as otherwise provided in the rules. If a party against whom a motion for summary judgment is filed fails to respond, the materials filed by the moving party may be taken as true.

SO ORDERED, this 14th day of December, 2010.

*s/ Hugh Lawson*

**HUGH LAWSON, SENIOR JUDGE**

mbh