**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **WILLIE PACE,**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**HURST BOILER & WELDING CO.,**<br><br>　　　　Defendant. | Civil Action 7:10-CV-116 (HL) |

**ORDER**

This case is before the Court on Defendant's Motion for Summary Judgment (Doc. 5). The Motion is granted, in part, and denied, in part.

**I.　BACKGROUND**

On October 8, 2010, Plaintiff Willie Pace filed a lawsuit against Defendant Hurst Boiler & Welding Co., in which he alleges he was discriminated against based on his race and sex. In response to the complaint, Defendant filed a motion to dismiss under Fed. R. Civ. P. 12, and argued that Plaintiff's claims are barred by the doctrine of judicial estoppel, as Plaintiff failed to disclose the discrimination claims as an asset in a bankruptcy filing. In support of the motion to dismiss, Defendant filed an affidavit from Darlene Hobbs, who is employed by Defendant. Since Defendant relied on matters outside the pleadings to support its motion to dismiss, the Court, as required by Fed. R. Civ. P. 12(d), converted the motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 56. The parties were given

until December 30, 2010 to file any additional documents they deemed pertinent to the issues raised in the motion to dismiss.

Plaintiff filed a pleading in which he noted that Defendant was asking for the case to be dismissed because Plaintiff did not disclose certain information during his bankruptcy case. Plaintiff stated that he was represented by an attorney in the bankruptcy proceeding, and that "[n]o information were withheld knowing by the plaintiff." (Doc. 18).

## II. FACTS

Plaintiff, who is black, first contends that he was discriminated against on the basis of his race. Plaintiff worked for Defendant as an operator. He alleges that he was disciplined for unspecified matters, but the other three operators, all of whom are white, were not. Plaintiff contends that he and one white operator committed a similar offense, and Plaintiff was suspended but the white operator was not. Plaintiff also alleges in his complaint that he was discriminated against on the basis of his sex, but provides no details to support that allegation. Plaintiff seeks to recover back pay, front pay, unspecified damages, injunctive relief, expenses and attorney's fees, and an award for pain and suffering.

The alleged discrimination occurred in February of 2008. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in April of 2008 (the "EEOC Charge").[1] The EEOC scheduled a mediation

---

[1] In Plaintiff's complaint, he alleges that he filed the EEOC Charge in February of 2008. Defendant has provided the Court with a copy of the EEOC Charge, which was signed by Plaintiff on April 28, 2008. (Doc. 7-1). For purposes of the Court's decision, it makes no difference whether the EEOC Charge was filed in February or April.

2

in connection with the EEOC Charge, which the parties attended on September 19, 2008. During the course of the mediation, Plaintiff offered to settle the claims he was asserting against Defendant in exchange for money. The mediation was ultimately unsuccessful, and the parties continued to discuss settlement of Plaintiff's claims until July of 2010.

On October 24, 2008, after he filed the EEOC Charge and attended the mediation, Plaintiff filed a Chapter 13 Voluntary Petition in the United States Bankruptcy Court for the Middle District of Georgia. (Case No. 7:08-bk-71660).[2] Plaintiff did not list the EEOC Charge or discrimination claim in Schedule B of the petition as "Personal Property," even though Schedule B requires the debtor to list "[o]ther contingent and unliquidated claims of every nature" and give the estimated value of each. Plaintiff also answered "none" when asked in the Statement of Financial Affairs to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." Both the petition and Statement of Financial Affairs were signed by Plaintiff under the penalty of perjury. Plaintiff's Chapter 13 plan was confirmed by the bankruptcy court on February 11, 2009.

Defendant contends that the doctrine of judicial estoppel bars Plaintiff from pursuing his discrimination claims against Defendant because Plaintiff failed to disclose the claims to the bankruptcy court.

---

[2] Defendant has provided the Court with certified copies of Plaintiff's bankruptcy petition and the order confirming Plaintiff's bankruptcy plan.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment must be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue to any material facts and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).

When considering a motion for summary judgment, the Court must evaluate all of the evidence, together with any logical inferences, in the light most favorable to the nonmoving party. Id. at 254-55. The Court may not, however, make credibility determinations or weigh the evidence. Id. at 255.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of a material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986) (internal quotation marks omitted). If the moving party meets this burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the moving party is not entitled to judgment as a matter of law. Id. at 324-26. If the evidence that the nonmovant presents, however, is "not significantly probative"

4

or is "merely colorable," then summary judgment may be granted. Anderson, 477 U.S. at 249, 106 S.Ct. 2505. This evidence must consist of more than mere conclusory allegations. *See* Avrigan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S.Ct. 2548.

## III.   ANALYSIS

### A.   Judicial Estoppel

Judicial estoppel is an equitable doctrine. Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002). Under the doctrine, a party is precluded from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1273 (11th Cir. 2010) (quoting 18 Moore's Federal Practice § 134.30 (3d ed. 2008)). In the Eleventh Circuit, there are two primary factors for establishing the bar of judicial estoppel. "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." Burnes, 291 F.3d at 1285. These are not exhaustive factors. The court must give due consideration to the circumstances of the particular case. Id.[3]

---

[3] While Burnes dealt with a Chapter 7 bankruptcy, the Eleventh Circuit held in DeLeon v. Comcar Indus., Inc., 321 F.3d 1289, 1291 (11th Cir. 2003), that the judicial estoppel rule applies equally to Chapter 13 bankruptcy cases.

5

As Plaintiff seeks both monetary and injunctive relief, the Court must determine whether judicial estoppel applies to either, neither, or both prayers for relief. The Court finds that judicial estoppel bars Plaintiff's claims for monetary relief, but does not prohibit Plaintiff's claims for injunctive relief.

1. **Claims for Monetary Relief**

Plaintiff's failure to identify his discrimination claims against Defendant in his bankruptcy petition amounts to the taking of inconsistent positions under oath. "A debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court." Ajaka v. Brooksamerica Mortg. Corp., 453 F.3d 1339, 1344 (11th Cir. 2006). A debtor's assets include potential legal causes of action. In re Icarus Holdings, L.L.C., 391 F.3d 1315. 1319 (11th Cir. 2004). Thus, the first factor of the Burnes test is satisfied. *See also* Hands v. Winn-Dixie Stores, Inc., No. 09-0619-WS-N, 2010 WL 4496798 at *3 (S.D. Ala. Nov. 1, 2010) (plaintiff's failure to identify his employment discrimination claims in his sworn bankruptcy schedule plainly amounted to the taking of inconsistent positions under oath in a prior proceeding); Cook v. United Health Care, No. 2:09-CV-882-WKW, 2010 WL 3629766 at *3 (M.D. Ala. Sept. 10, 2010) (plaintiff made prior inconsistent statements under oath by not disclosing his claims against the defendant to the bankruptcy court).

The second Burnes factor relates to intent. When considering a person's intent for the purpose of judicial estoppel, the court requires "intentional contradictions, not simple error or inadvertence." Robinson, 595 F.3d at 1275 (quoting Am. Nat'l Bank

6

of Jacksonville v. FDIC, 710 F.2d 1528, 1536 (11th Cir. 1983)). "In considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." Barger v. City of Cartersville, 348 F.3d 1289, 1295-96 (11th Cir. 2003).

The record clearly shows that Plaintiff had knowledge of the undisclosed claims prior to filing his bankruptcy petition, as he had filed an EEOC Charge and had participated in a mediation relating to the claims. Thus, the question becomes one of motive. Plaintiff has not denied a motive for concealing his claims, and the Eleventh Circuit has recognized a debtor's financial motive for concealing such claims. *See* Robinson, 595 F.3d at 1275-76 (debtor had motive to conceal claim because she could have settled the claims, kept the proceeds for herself, and denied her creditors the opportunity to claim the funds); Barger, 348 F.3d at 1296 (by omitting her claims from her bankruptcy petition, the debtor could keep any proceeds for herself and not have them become part of the bankruptcy estate). Here, Plaintiff did not disclose the discrimination claims, and his Chapter 13 plan was confirmed without the bankruptcy court being made aware of the potential recovery and possible additional funds with which Plaintiff's creditors could be repaid. As Plaintiff knew about his discrimination claims and had motive to conceal them, the Court finds that the nondisclosure was not inadvertent for purposes of judicial estoppel. The second prong of the Burnes test has been satisfied.

7

Plaintiff's arguments that he was represented by an attorney in the bankruptcy proceeding and that he did not knowingly withhold any information do not preclude summary judgment in Defendant's favor on the monetary claims. First, Plaintiff has presented no evidence that he ever told his bankruptcy attorney about the discrimination claims. Second, even assuming Plaintiff told his bankruptcy attorney about the claims and the attorney failed to include them in the bankruptcy petition, the Eleventh Circuit has soundly rejected that argument. *See* Barger, 348 F.3d at 1295 (the court applied judicial estoppel even though the plaintiff had told her bankruptcy attorney about the claim and he failed to list it on plaintiff's schedule of assets). Finally, as previously discussed, Plaintiff knew about the claims at the time he filed his bankruptcy petition. The Court reads Plaintiff's statement that he did not knowingly withhold any information as an assertion that Plaintiff was unaware that he had to disclose the claims. However, such an assertion is not sufficient to avoid the application of judicial estoppel to Plaintiff's monetary claims.

### 2. Claims for Injunctive Relief

Plaintiff also makes a demand for injunctive relief in his complaint. It is undisputed that Plaintiff did not disclose any claims for injunctive relief in his bankruptcy petition. However, a request for injunctive relief would not add anything of value to Plaintiff's bankruptcy estate, and the Court finds that Plaintiff would not have had the same motive to keep his claims for injunctive relief from the bankruptcy court and his creditors that he did for his claims for monetary relief. Both the Eleventh Circuit and other courts have held that injunctive claims are of no value to

8

a bankruptcy estate, which means any failure to disclose such claims cannot be viewed as a deliberate attempt to harm the debtor's creditors. Therefore, judicial estoppel does not apply to claims for injunctive relief. *See* Barger, 348 F.3d at 1297; Burnes, 291 F.3d at 1288; Matthews v. Potter, 316 Fed. App'x 518, 524 (7th Cir. 2009) (not reported); Roots v. Morehouse School of Medicine, Inc., No. 1:07-CV-112-JOF, 2009 WL 4798217 at n. 11 (N.D. Ga. Dec. 8, 2009); Melton v. Nat'l Dairy Holdings, L.P., No. 1:08-cv-174-TFM, 2009 WL 653024 at n. 4 (M.D. Ala. Mar. 10, 2009); E.E.O.C. v. Outback Steak House of Fla., Inc., No. 06-CV-01935-EWN-KLM, 2008 WL 3992171 at *3 (D. Colo. Aug. 20, 2008). Accordingly, Plaintiff's claims for injunctive relief are not barred by judicial estoppel, and can go forward.[4]

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion for Summary Judgment (Doc. 5) is granted, in part, and denied, in part. Defendant is entitled to summary judgment in its favor on Plaintiff's monetary claims, as they are barred by the doctrine of judicial estoppel. Plaintiff's claims for injunctive relief will be allowed to move forward. The parties are directed to file their Rules 16/26 report as outlined in the Court's order dated November 18, 2010 (Doc. 9), not later than January 31, 2010.

---

[4] By allowing the claims for injunctive relief to move forward, the Court is in no way finding that the claims have any merit. It may be that Defendant is entitled to summary judgment on those claims under some other legal theory. However, the motion before the Court deals only with judicial estoppel, and the doctrine does not bar claims for injunctive relief.

**SO ORDERED**, this the 12th day of January, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh