# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

WILLIE PACE,

    Plaintiff,

v.

Civil Action 7:10-CV-116 (HL)

HURST BOILER & WELDING CO.,

    Defendant.

## ORDER

Currently before the Court is the Motion for Leave to Appeal In Forma Pauperis filed by Willie Pace (Doc. 34).

On January 12, 2011, the Court entered an order granting, in part, and denying, in part, summary judgment in favor of Defendant. The Court determined that Defendant was entitled to summary judgment in its favor on Plaintiff's monetary claims, as they are barred by the doctrine of judicial estoppel. Plaintiff subsequently filed a notice of appeal from the Court's order, and he seeks to proceed in forma pauperis on appeal.

Before addressing the motion for leave to proceed IFP, the Court must address Plaintiff's notice of appeal. The January 12, 2011 order was not a final order that is automatically appealable to the Eleventh Circuit. Thus, in order to appeal, Plaintiff must file a motion for interlocutory appeal seeking permission from this Court to appeal the non-final order. As Plaintiff is proceeding *pro se*, the Court will construe Plaintiff's notice of appeal as a request that the Court certify that he can take an interlocutory appeal under 28 U.S.C. § 1292(b). That section states in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The Court finds that there is no substantial ground for a difference of opinion on the question of whether Plaintiff's monetary claims are barred by the doctrine of judicial estoppel. Further, an immediate appeal would not materially advance the ultimate termination of this litigation, but would serve only to delay the litigation. Therefore, Plaintiff's request to certify an interlocutory appeal from the January 12, 2011 order is denied.

As for the motion to proceed IFP on appeal, under 28 U.S.C. § 1915(a)(3), an appeal "may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Courts construing the "good faith" provision of § 1915(a)(3) have generally held that an appeal that is "not being pursued in good faith" is one that is frivolous. In re Arnold, 166 Fed. Appx. 424 (11th Cir. 2006) (unpublished); *see also* Ghee v. Retailers Nat. Bank, 271 Fed. Appx. 858, 859-60 (11th Cir. 2008) (unpublished). Plaintiff's request to proceed IFP on appeal is denied. The Court certifies that the appeal from a non-final order is not taken in good faith.

**SO ORDERED**, this the 7th day of March, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh